Romman v. Marx, 191 Ill. App. 547.

PARKER & KING and JOHN STELK, for defendants in error; OTTO C. RENTNER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*ineffectiveness of abbreviated judgment.* In a proceeding for trial of right of property taken under an execution, an abbreviated record of a judgment in the Municipal Court in replevin between the same defendants and one of the plaintiffs, *held* not to constitute any evidence of a judgment in the replevin action.

2. JUDGMENT, § 539*—*where adjudication in replevin not conclusive of trial of right of property.* In a proceeding for trial of right of property, a judgment in a prior replevin suit between the same defendants and one of the two plaintiffs in the second action, *held* not to constitute a bar to the proceeding between the same defendants and the plaintiff for trial of right of the same property taken under an execution.

Harry Romman, Defendant in Error, v. Walter Z. Marx, Plaintiff in Error.

Gen. No. 20,253.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

### Statement of the Case.

Action by Harry Romman against Walter Z. Marx to recover damages for assault and battery. From a judgment on a verdict for three hundred dollars in favor of plaintiff, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Teich v. Midland Machine Co., 191 Ill. App. 548.

LEO KORETZ and ELMER, COHEN & BELASCO, for plaintiff in error.

ARNOLD HEAP, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. ASSAULT AND BATTERY, § 22*—*when damages not excessive.* In a civil action for assault and battery, a verdict for three hundred dollars is *held* not to be excessive.

2. ASSAULT AND BATTERY, § 13*—*admissibility of weapon in evidence.* In an action for damages for assault and battery, the admission in evidence of a file, which was not found until two days after the assault and which was not shown to have been used by the defendant, *held* not to have been prejudicially erroneous, since the jury might have properly found from the evidence, that the defendant inflicted the injuries by striking the plaintiff upon the head with some instrument.


### Curt Teich, Defendant in Error, v. Midland Machine Company et al., Plaintiffs in Error.

### Gen. No. 20, 378.

1. APPEAL AND ERROR, § 1833*—*when bill may be amended on general remand.* Where a decree in a general creditor's bill combined with a bill under the Corporation Act, sec. 25 (J. & A. ¶ 2442) was reversed and the cause remanded generally without any specific direction to the court, *held* that the court had authority to permit an amendment to the bill and to hear the cause *de novo.*

2. CREDITORS' SUIT, § 61*—*when allegations sufficient to sustain decree pro confesso.* The allegations of a general creditor's bill combined with a bill under the Corporation Act, sec. 25 (J. & A. ¶ 2442), *held* sufficient to sustain a decree taken *pro confesso* upon an election to stand by a demurrer overruled.

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.